UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER THORNBERRY, an individual,

    Plaintiff,
vs.                                      CASE NO.:

U.S. WATER SERVICES CORPORATION, a Florida profit corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Christopher Thornberry ("Thornberry" or "Plaintiff"), by and through undersigned counsel, sues Defendant, U.S. Water Services Corporation ("U.S. Water" or "Defendant"), and alleges as follows:

### INTRODUCTION

1. This is an action brought pursuant to the Fair Labor Standard Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs owed to Plaintiff.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 216 and 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims alleged herein occurred within the jurisdiction of the Middle District of Florida, Fort Myers Division.

## PARTIES

4. Thornberry was and is a resident of Cape Coral, Florida. At all times pertinent, Thornberry worked for U.S. Water in Lee County, Florida.

5. U.S. Water was and is a Florida profit corporation conducting business in Florida, Georgia, Texas, Oklahoma, Nebraska, Iowa, and Illinois, and subject to the requirements of the FLSA. U.S. Water is an enterprise, engaged in commerce or in the production of goods for commerce, in interstate commerce, and with an annual gross volume of revenue not less than $500,000.00.

6. At all times material, Thornberry was an employee of U.S. Water pursuant to 29 U.S.C. § 203(e)(1); U.S. Water was the employer of Thornberry within the meaning of 29 U.S.C. § 203(a) and (d); and U.S. Water employed Thornberry within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

7. From around October 2012 through May 18, 2020, U.S. Water employed Thornberry as a project manager.

8. During the last three (3) years of Thornberry's employment, Thornberry's primary job duties included: ensuring the timely delivery of projects, within scope and within budget; preparing and maintaining project documentation; measuring and reporting on project performance; and serving as a point of contact for certain projects.

9. Thornberry did not supervise or hire or fire employees for U.S. Water, or otherwise exercise discretion or independent judgment over matters of significance for U.S.

Water. As such, for FLSA purposes, Thornberry was not employed in a bona fide executive, professional, or administrative capacity.

10. U.S. Water compensated Thornberry on a salary basis, and misclassified Thornberry as an exempt employee.

11. During his employment with U.S. Water, Thornberry was not properly compensated at one and one-half (1 and 1/2) his regular rate for overtime hours worked.

12. Thornberry worked over forty (40) hours in one or more workweeks while employed by U.S. Water.

13. Despite working more than forty (40) hours in a workweek, Thornberry did not receive overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for such overtime hours.

14. U.S. Water failed to properly record Thornberry's time, as required by the FLSA.

15. The records, to the extent any exist, concerning the number of hours worked and amounts to be paid to Thornberry are in the possession and custody of U.S. Water.

16. Thornberry retained counsel for this claim and is obligated to pay reasonable attorneys' fees and costs.

17. All conditions precedent to this lawsuit have been satisfied, waived, or excused.

## COUNT I
### (Overtime Due Under the FLSA)

18. Thornberry hereby incorporates by reference the allegations contained within paragraphs 1 through 17 above.

19. U.S. Water's failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

20. U.S. Water's violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. accept jurisdiction over this action;

b. award damages for the amount of unpaid overtime compensation owed to Plaintiff;

c. award liquidated damages, pursuant to 29 U.S.C. § 215(b), in an amount equal to the overtime compensation owed to Plaintiff;

d. award post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

e. entry of final judgment against Defendant; and

f. award all other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff does hereby demand a Jury Trial on all issues and claims so triable.

s/ Bradley P. Rothman
Bradley P. Rothman, Esq.
Florida Bar No. 0677345
brothman@weldonrothman.com
WELDON & ROTHMAN, PL
2548 Northbrooke Plaza Drive
Naples, Florida 34119
Tel: (239) 262-2141
Fax: (239) 262-2342
*Counsel for Plaintiff*